**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4472**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANDRAIL JAMAR WOODBERRY,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 19-5501)

Submitted: December 14, 2021                         Decided: January 18, 2022

Before GREGORY, Chief Judge, HARRIS and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Angela H. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2018, Mandrail Jamar Woodberry pled guilty pursuant to a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and he was sentenced to 119 months in prison. We previously affirmed the district court's judgment, rejecting Woodberry's challenge to the reasonableness of his sentence. *See United States v. Woodberry*, 756 F. App'x 319 (4th Cir. 2019) (No. 18-4472). The Supreme Court granted Woodberry's petition for a writ of certiorari, vacated our judgment, and remanded the case for further consideration in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Woodberry v. United States*, 140 S. Ct. 492 (2019). Following a lengthy abeyance, the parties filed supplemental briefs addressing the impact, if any, of *Greer v. United States*, 141 S. Ct. 2090 (2021), on Woodberry's conviction. We agree with the Government that, in light of *Greer*, Woodberry cannot satisfy the requirements for demonstrating reversible error on his unpreserved *Rehaif* claim.

Woodberry can obtain relief on his *Rehaif* challenge only by satisfying the plain error standard. *See id.* at 2096. To establish plain error, Woodberry must first demonstrate the threshold requirements of (1) an error (2) that is plain and (3) that "affected [his] substantial rights," which generally requires "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018) (internal quotation marks omitted); *see also Henderson v. United States*, 568 U.S. 266, 269 (2013) (holding that error is "plain" if clear or obvious at the time of appellate consideration).

2

We find that Woodberry's *Rehaif* challenge fails the third prong. Contrary to Woodberry's claim that he can present a plausible argument regarding whether, at the time he committed the firearms offense at issue here, he knew he had been convicted of a crime punishable by more than one year in prison, Woodberry's criminal record confirms that he was imprisoned for more than one year for multiple prior felony convictions. Woodberry's prior felony "convictions are substantial evidence that he knew [he was a] felon[]." *Greer*, 141 S. Ct. at 2097-98. In fact, Woodberry had a prior North Carolina conviction for felony possession of a firearm by a felon, which in and of itself placed Woodberry on notice of his felon status. *See, e.g., United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (finding that, following *Rehaif*, the defendant could not show that his substantial rights were affected, in part because the defendant had a prior felon-in-possession conviction). We therefore conclude that Woodberry's guilty plea remains valid after *Rehaif*.

Accordingly, and for the reasons set forth in our original opinion, *see Woodberry*, 756 F. App'x at 320, we affirm the criminal judgment. We deny Woodberry's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*